IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TAMANTHA MADDOX AND
ALTON MADDOX                                                                    PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:08CV57-M-A

HERITAGE PROPERTIES, INC;
SARAH MOORE, INDIVIDUALLY AND
JILL CAIN, INDIVIDUALLY                                                         DEFENDANTS

## ORDER

Before the court are two motions:

1.     Defendants' motion to strike plaintiff's designation of expert [Docket 32]; and

2.     Plaintiffs' motion for discovery to clarify case management order [Docket 53].

Both motions are fully briefed. The court rules as follows.

Defendants' Motion To Strike

Defendants have moved under Uniform Local Rule 21.1(a)(2) to strike plaintiffs' designation of expert F. Willis Caruso because plaintiffs failed to file a complete expert report with their designation as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Under Rule 26, a party is required to accompany its expert disclosure with "...a written report – prepared and signed by the [expert] witness . . . ." The report must contain: (i) a complete statement of all witness's opinions basis for them, (ii) the data or other information considered by the witness in forming those opinions, (iii) any exhibits that will be used to summarize or support his opinions, (iv) the witness's qualifications, including a list of all publications authored within the previous ten years, (v) a list of all other cases in which, during the previous

1

four years, the witness testified as an expert at trial or by deposition, and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B).

The penalty for failure to provide the information required by Rule 26(a) and the local rules of this court is that the offending party is "not allowed to use that information or witness to supply evidence on a motion, at a hearing , or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); Unif. Loc. R. 26.1(A)(5). This sanction is anticipated, according to the comment on the rule, to provide a strong inducement for disclosure of expert information which is anticipated to be used at any hearing, including the trial, by the deadline. Although this result may appear harsh, the court consistently reminds counsel at every case management conference that the expert designation deadline is the *last* date by which all information which a given party intends to introduce through an expert witness must be provided to the opposing parties as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and applicable local rules, or counsel is at risk of preclusion of any such information at trial. Moreover, the court always verbally reminds counsel at the conference that if they encounter difficulties with obtaining the necessary expert information, they should contact the court immediately to obtain the court's assistance and to avoid the sanction of having designations stricken.

Plaintiffs respond to the motion to strike stating that they did properly and timely designate Caruso as an expert witness to offer opinions about the Fair Housing Act and industry practices for apartment managers such as the defendant, Heritage Properties. Docket 41, p. 2. However, plaintiffs contend that the depositions of the defendants had not been taken, and plaintiffs had not received any disclosures from defendant Heritage Properties relating to

Heritage's policies, practices and procedures for implementing the anti-discrimination requirements under the Fair Housing Act by plaintiffs' deadline for expert designations. *Id.* Although this is not entirely due to lack of participation or cooperation of the parties – two named defendants have not been located in this case until recently[1] – discovery began in this case before its removal from the Circuit Court of Lafayette County in May 2008. Further, plaintiffs filed a supplemental report prepared and signed by Caruso which states with more specificity the areas which he is trained to testify and that he may testify about these eleven topic areas in relation to the facts of this case after more discovery information is provided. Docket 41-2. Rule 26(a)(2)(C) and (D) allow rebuttal and supplementation of expert disclosures, but the Fifth Circuit recognizes that "[t]he purpose of rebuttal and supplementary disclosures is just that – to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Cleave v. Renal Care Group, Inc.*, 2:04CV161-P-A, slip op. at 2 (N.D.Miss. July 11, 2005), quoting *Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996).

      The plaintiffs' designation of Caruso and his supplementary report of March 2, 2009 are not sufficient under the rules in that they do not contain a complete statement of all witness's opinions, the bases for them or the data or other information considered by the witness in forming those opinions. Fed. R. Civ. P. 26(a)(2)(B). The court declines to allow plaintiffs to "supplement" their designation of experts when it would actually amount to designating an expert out of time. Accordingly, the court holds that the defendants' motion to strike the

---

[1] Jill Cain was named as a defendant in this case but was not located until February 2009. She has not been served with process. The parties were to take her deposition on March 25, 2009 in Meridian, MS.

plaintiffs' expert designation is granted.

### Plaintiffs' motion to clarify case management order

On March 24, 2009, the plaintiffs filed a motion seeking clarification of whether the parties are authorized to propound thirty interrogatories, requests for production and requests for admission over and above discovery requests propounded in state court before this case was removed. Plaintiffs propounded seventeen interrogatories and eight requests for production in state court before the case was removed in May 2008. The August 8, 2008 case management order limits the parties "Interrogatories, Requests for Production, and Requests for Admission . . . to 30 succinct questions." Docket 8, p. 2. Since that time plaintiffs have propounded an additional nineteen interrogatories and additional requests for production as well as requests for admission.

The court holds that the limitation applies to all discovery in this case, whether propounded before or after removal from state court. The total requests for production and requests for admission propounded by the plaintiffs are each, separately, less than thirty and therefore within the limits prescribed by this court. The total interrogatories, however, number thirty-seven, and therefore exceed the maximum number allowed by the case management order; plaintiffs have not requested leave of court to propound additional interrogatories. Accordingly, the court holds that the parties are limited by the case management order to thirty succinct questions and the limit will not be extended at this late date.

## CONCLUSION

The defendants' motion to strike plaintiff's designation of expert is GRANTED; and plaintiffs' motion for discovery to clarify case management order is GRANTED. The parties are

4

limited to the total of thirty interrogatories inclusive of those propounded before this case was removed to this court.

SO ORDERED, this, the 28th day of April, 2009.

    /S/  S. ALLAN ALEXANDER
    UNITED STATES MAGISTRATE JUDGE